**Electronically Filed
Intermediate Court of Appeals
30424
19-APR-2011
08:47 AM**

NO. 30424

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EDWIN AKAHI, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-CR NOS. 09-1-0131 and 09-1-0260)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant Edwin Akahi (Akahi) appeals the Judgment of Conviction filed on March 8, 2010 in the Family Court of the Second Circuit (Family Court) that convicted him in consolidated cases of one count of Violation of an Order of Protection in FC-CR No. 09-1-0131, and of one count of Violation of an Order of Protection in FC-CR No. 09-1-0260, both in violation of Hawaii Revised Statutes (HRS) § 586-11 (2009).[1] The Family Court sentenced Akahi to, *inter alia*, two years of probation in each case, with the probation terms to run consecutively.[2]

_____

[1] The Honorable Richard T. Bissen, Jr., presided at trial, and the Honorable Shackley F. Raffetto presided at sentencing.

[2] Imprisonment for six months was a condition of probation in FC-CR No. 09-1-0131.

On appeal, Akahi contends that (1) the sentence is illegal under HRS § 706-629 (1993) and (2) insufficient evidence existed to support the guilty verdicts.

The State concedes that the sentence was improper, but asserts that sufficient evidence existed for the convictions.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Akahi's points of error as follows.

(1) Sentencing under HRS § 706-629. Akahi contends that, contrary to HRS § 706-629, the Family Court sentenced him to consecutive, rather than concurrent, probation terms in the two underlying cases. "The interpretation of a statute is a question of law reviewable de novo." State v. Sumera, 97 Hawai'i 430, 436, 39 P.3d 557, 563 (2002) (citation omitted). Despite the State's concession that the Family Court erred in sentencing Akahi to two consecutive terms of probation under HRS § 706-629, this court must nevertheless determine that the concession is sound. State v. Wasson, 76 Hawai'i 415, 418, 879 P.2d 520, 523 (1994) (citing Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945)) ("even when the prosecutor concedes error, before a conviction is reversed, 'it is incumbent on the appellate court to ascertain first that the confession of error is supported by the record and well-founded in law and to determine that such error is properly preserved and prejudicial.'").

HRS § 706-629(1)(b) (1993) states:

§ 706-629. Calculation of multiple dispositions involving probation and imprisonment, or multiple terms of probation. (1) When the disposition of a defendant involves more than one crime:

. . .

(b) Multiple periods of probation shall run concurrently from the date of the first such disposition.

. . . .

2

The Hawai'i Supreme Court, in Sumera, 97 Hawai'i at 433-34, 39 P.3d at 560-61, reviewed HRS § 706-629 in a case where the circuit court sentenced a defendant to two concurrent terms of probation, with two consecutive prison terms as conditions of probation.[3] The Hawai'i Supreme Court concluded, in relevant part:

> The language of HRS § 706-629(1) is clear and unambiguous. It governs when a sentencing "disposition" involves more than one crime. No qualifications are placed on the scope of this provision. Thus, the provisions of HRS § 706-629(1) apply to all crimes for which sentencing is imposed at the same time, whether the crimes are charged in the same case or in different cases, and regardless of when such cases were filed or tried.

Sumera, 97 Hawai'i at 436, 39 P.3d at 563. The Sumera court went on to state:

> The rationale for running probation sentences concurrently rather than consecutively is that lengthy probation terms are inappropriate if a sentence to the maximum term of imprisonment has been rejected:
>
> > *If imprisonment is not warranted, there hardly seems any justification for providing elongated periods of ... probation when the disposition of the defendant involves more than one offense* or when a defendant already under suspension of sentence or on probation, is convicted for a crime committed prior to the former disposition.

Sumera, 97 Hawai'i at 438, 39 P.3d at 565 (citation omitted). The Hawai'i Supreme Court concluded, *inter alia*, that "[u]nder HRS § 706-629, sentences of probation must run concurrently." Sumera, 97 Hawai'i at 439, 39 P.3d at 566.

Accordingly, the Family Court erred in sentencing Akahi to consecutive terms of probation, and the State's concession in this regard is well taken.

---

[3] As the Hawai'i Supreme Court noted, in such circumstances "probation is the sentence, and the requirement that a defendant serve a term of imprisonment is simply a condition of probation." Sumera, 97 Hawai'i at 435, 39 P.3d at 562.

(2) Sufficiency of the evidence. Akahi contends that insufficient evidence existed to support the convictions and denial of his motion for judgment of acquittal for the offenses occurring on March 22, 2009 and on June 29, 2009. Sufficiency of the evidence is "considered in the strongest light for the prosecution" to determine "not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). "The testimony of a single witness, if found credible by the trier of fact, may constitute substantial evidence to support a conviction." State v. Montgomery, 103 Hawai'i 373, 381, 82 P.3d 818, 826 (App. 2003) (citation omitted). A jury may infer a defendant's state of mind from the circumstances surrounding the defendant's conduct. State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996) (citation omitted). "Matters of credibility and the weight of the evidence and the inferences to be drawn are for the fact finder." State v. Romano, 114 Hawai'i 1, 8, 155 P.3d 1102, 1109 (2007).

In the instant case, the following evidence was presented. On February 26, 2009, Marie Dela Nux (Dela Nux), a TRO advocate at Women Helping Women appeared at a hearing with Candyce Gonsales (Gonsales). Akahi was present at the hearing. At the conclusion of the hearing, Dela Nux served the order of protection on Akahi. Both the respondent, Akahi, and petitioner, Gonsales, signed a document acknowledging that they received the order of protection. The acknowledgment was received in evidence. Dela Nux witnessed Akahi sign the receipt for the order of protection. The order of protection that was entered into evidence was filed on February 26, 2009 and expires on February 25, 2019; identifies Gonsales as the petitioner and

4

Akahi as the respondent; and orders that Akahi, *inter alia*, "not contact, write, telephone . . . the Petitioner, including where Petitioner lives or works."

Gonsales attended the February 26, 2009 hearing, where she was the petitioner, and Akahi was the respondent. Gonsales saw that Akahi was present at the hearing. Gonsales identified the order of protection.

On March 22, 2009, Gonsales was working and at about 6:40 p.m., Gonsales answered the phone. Gonsales testified that "Edwin called my work." When asked how she knew it was Akahi calling, Gonsales responded "[b]ecause I know his voice." Gonsales testified she had been in a relationship with Akahi in "2004, 2005" but had known him since she was fourteen years old. Gonsales further testified that Akahi, who "was angry[,]" said, "[a]re you finished getting fucking stupid?" Gonsales reported the incident to the police, and was later informed by the Prosecutor's Office about the trial date.

On June 29, 2009, Gonsales was at work and received a call about 12:27 p.m. Gonsales stated that she "answered the phone and -- and it was Eddie again and he said, 'watch what will happen when I show up at court.'" The Family Court took judicial notice of the fact that Akahi was ordered to appear in court in FC-CR No. 09-1-0131(4) for a pretrial conference on July 1, 2009 and for trial on July 20, 2009. Gonsales also testified that Akahi "was angry." Gonsales again reported the incident to the police.

The foregoing evidence, viewed in the strongest light for the prosecution, was sufficient to support the convictions. Therefore,

IT IS HEREBY ORDERED THAT we vacate that part of the Judgment of Conviction filed on March 8, 2010 in the Family Court of the Second Circuit that requires the probation terms in FC-CR

No. 09-1-0131 and FC-CR No. 09-1-0260 to run consecutively, and we remand for entry of an amended judgment consistent with this decision. In all other respects, we affirm the Judgment of Conviction filed on March 8, 2010.

DATED: Honolulu, Hawai'i, April 19, 2011.

On the briefs:

Jacquelyn T. Esser
Deputy Public Defender
for Defendant-Appellant

Kristin L. Coccaro
Deputy Prosecuting Attorney
County of Maui
Attorney for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

6